UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JESSE LYNN FEICKERT,<br><br>       Plaintiff,<br><br>  vs.<br><br>DYLAN WHEELER, FORMER DISTRICT STATES ATTORNEY AT MINNEHAHA CO. STATE'S ATTORNEY'S OFFICE IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; CRYSTAL JOHNSON, INTERIM STATE'S ATTORNEY AT MINNEHAHA CO. STATE'S ATTORNEY'S OFFICE IN HER INDIVIDUAL AND OFFICIAL CAPACITY; ASHLEY TRANKLE, DISTRICT STATE'S ATTORNEY AT MINNEHAHA CO. STATE'S ATTORNEY'S OFFICE IN HER INDIVIDUAL AND OFFICIAL CAPACITY; AND JASON RAVNSBORG, SD ATTORNEY GENERAL AT SD ATTORNEY GENERALS OFFICE IN HIS INDIVIDUAL AND OFFICIAL CAPACITY;<br><br>       Defendants. | 4:20-CV-04004-LLP<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

  Plaintiff, Jesse Lynn Feickert, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Doc. 1. This Court granted summary judgment on all claims to defendants Dylan Wheeler, Crystal Johnson, and Ashley Trankle on May 4, 2021. Doc. 34. Defendant Jason Ravnsborg now moves for summary judgment on all claims. Doc. 28.

  **I. Motion for Summary Judgment**

  At the time of the alleged facts, Ravnsborg was the Attorney General of South Dakota. *See* Doc. 33 ¶¶ 6-8, 12-13, 16-18. At this time, Feickert has not filed a response or a statement of

disputed facts in opposition to Ravnsborg's motion for summary judgment. Because Feickert has not responded specifically to each numbered paragraph in Ravnsborg's statement of undisputed material facts, all material facts set forth in Ravnsborg's statement of undisputed material facts can be deemed admitted. D.S.D. Civ. LR 56.1.D. This Court will draw facts primarily from that statement of undisputed material facts, as well as the statements of undisputed material facts filed by Wheeler, Johnson, and Trankle that this Court drew upon when granting their motion for summary judgment.

A.  **Factual Background**

On June 11, 2018, Feickert was charged with one count of Aggravated Assault and two counts of Simple Assault. Docket 22 ¶ 1; *State of South Dakota v. Jesse Lynn Feickert*, 49 CRI 18-004353; Doc. 1-1 at 1. Feickert was appointed counsel, and on June 21, 2018, the Minnehaha County Grand Jury indicted him on the previously mentioned counts. Docket 22 ¶¶ 3-4. Feickert was arraigned on June 25, 2018, and his trial date was designated as September 10, 2018. *Id.* ¶ 5. A month and eleven days after Feickert posted bond, a bench warrant was issued when his counsel indicated that he lost contact with Feickert. *Id.* ¶¶ 6-7.

On September 14, 2018, the Minnehaha County Public Defender's Office moved to withdraw as counsel due to a conflict of interest, and the State Circuit Court granted the motion. *Id.* ¶¶ 8-9. Edward Angel was appointed to represent Feickert, and Feickert was returned to custody on October 23, 2018, on other pending matters. *Id.* ¶¶ 9-10. Feickert remained in custody until March 26, 2019. *Id.* ¶ 10. On October 26, 2018, Angel requested a 90-day delay for Feickert's trial in a pending case, 49 CRI 18-004120. *Id.* ¶ 11. Because of this request, his trial for 49 CRI 18-004353 was reset for February 25, 2019. *Id.* ¶ 12.

On February 4, 2019, Wheeler sent a plea offer to Angel for Feickert and stated his intention to file a Rule 404(b) Notice of Intent to Offer Other Acts. *Id.* ¶ 13. The next day, Wheeler provided the police report regarding the Rule 404(b) evidence. *Id.* ¶ 14. The day after that, Wheeler told Feickert he intended to present an additional charge of First-Degree Kidnapping to the Grand Jury as a part of the plea negotiations in 49 CRI 18-004353. *Id.* ¶ 15. Feickert rejected the plea offer. *Id.* ¶ 16. The Minnehaha County Grand Jury indicted Feickert with a First-Degree Kidnapping count in addition to the previous counts, and he was arraigned on the Superseding Indictment on February 20, 2019. *Id.* ¶¶ 18, 20.

Angel moved for a 60-day delay to investigate the Rule 404(b) evidence. *Id.* ¶ 16. The State Circuit Court granted Feickert's motion for delay, and his trial was rescheduled to April 22, 2019. *Id.* ¶ 17. Feickert's case was then reassigned to a new judge due to a potential conflict, and the jury trial was set for May 6, 2019. *Id.* ¶ 23. On March 19, 2019, Angel moved for another 60-day delay to continue to investigate the Rule 404(b) evidence. *Id.* ¶ 24. The State Circuit Court granted this motion, and the trial was set for July 1, 2019. *Id.* Feickert's case was reassigned to Johnson after Wheeler resigned from his position on April 25, 2019. *Id.* ¶¶ 25-26. On May 9, 2019, Angel moved for a 30-day delay, and Feickert's trial was rescheduled to July 29, 2019. *Id.* ¶ 27. Angel lost contact with Feickert, and a bench warrant was issued on June 8, 2019. *Id.* ¶ 28. Feickert was arrested on July 4, 2019, in Codington County, South Dakota, on other pending criminal charges. *Id.* ¶ 29.

On November 21, 2019, Feickert was returned to Minnehaha County jail and a warrant hearing was held on November 27, 2019. *Id.* ¶¶ 30-31. Trial was scheduled for January 13, 2020. *Id.* ¶ 31. On December 18, 2019, Johnson moved for a delay due to a scheduling conflict, and the State Circuit Court denied her motion. *Id.* ¶¶ 32, 34. Because Johnson had a scheduling issue, the

3

case was reassigned to Trankle on December 23, 2019. *Id.* ¶ 35. On December 28, 2019, Trankle presented Feickert with a plea deal on behalf of the State that incorporated a pending charge from Brown County. *Id.* ¶ 36. The same day, Angel moved to dismiss Feickert's pending charges with prejudice for speedy trial violations. *Id.* ¶ 37; Doc. 1-1. On January 6, 2020, Trankle dismissed all of the charges in the Superseding Indictment without prejudice because the State could not get in touch with the victim. Doc. 22 ¶¶ 38. The State Circuit Court did not hear or rule on Feickert's motion to dismiss. *Id.* ¶ 39. Each motion for delay filed by Angel indicated that Feickert consented to the delays and that he waived the 180-day rule under SDCL § 23A-44-5.1. *Id.* ¶ 41.

Ravnsborg had no contact with Wheeler, Johnson, or Trankle regarding the case. Doc. 33 ¶¶ 8, 12, 18. Neither he nor anyone from the Attorney General's Office gave any input or direction to Wheeler, Johnson, or Trankle regarding the case. *Id.* ¶¶ 7, 13, 17. The MCSAO directs Minnehaha County Deputy State's Attorneys on the handling of individual cases, with no input from the Attorney General. *Id.* ¶¶ 19-20.

### B. Legal Background

The Court shall grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A summary judgment motion must be supported by evidence on the record, which may include affidavits or declarations based upon personal knowledge. Fed. R. Civ. P. 56(c). The non-moving party is entitled to the benefit of having all reasonable inferences resolved in his or her favor, but the non-moving party must present specific facts showing a genuine issue for trial. *Atkinson v. City of Mountain View*, 709 F.3d 1201, 1207 (8th Cir. 2013) (citation omitted). That is, a non-moving party must present "sufficient probative evidence" capable of supporting a finding in his or her favor, not "mere speculation, conjecture, or

fantasy." *Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992) (en banc) (quoting *Barnes v. Arden Mayfair, Inc.*, 759 F.2d 676, 681 (9th Cir. 1985)).

The underlying substantive law identifies which facts are material for purposes of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Id.* at 247-48. Essentially, the availability of summary judgment turns on whether a proper jury question is presented: "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

South Dakota Local Rule 56.1.D states, "All material facts set forth in the movant's statement of material facts will be deemed to be admitted unless controverted by the opposing party's response to the moving party's statement of material facts." That the Court adopts Ravnsborg's facts because Feickert did not dispute them does not necessarily allow the Court to summarily grant Ravnsborg's motion. *See Interstate Power Co. v. Kan. City Power & Light Co.*, 992 F.2d 804, 807 (8th Cir. 1993) ("Even if a motion for summary judgment on a particular claim stands unopposed, the district court must still determine that the moving party is entitled to judgment as a matter of law on that claim.").

C. Legal Analysis

Ravnsborg moves for summary judgment, arguing that Feickert fails to state a claim against him and that there are no material fats in dispute. Doc. 28 at 1. In his complaint, Feickert alleges that Ravnsborg "is in charge of all those employed by [MCSAO]." Doc. 1 at 2. Beyond

5

that claim, Feickert alleges no other involvement by Ravnsborg. *See id.* at 2, 4-6. "[V]icarious liability is inapplicable to . . . § 1983 suits[.]" *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (omission in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). "[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id*. (quoting *Ashcroft*, 556 U.S. at 677). "[A] supervising officer can be liable for an inferior officer's constitutional violation only 'if he directly participated in the constitutional violation, or if his failure to train or supervise the offending actor caused the deprivation.' " *Id.* (quoting *Otey v. Marshall*, 121 F.3d 1150, 1155 (8th Cir. 1997)). One requirement for a failure to train or supervise claim is that the supervising officer "demonstrate[] deliberate indifference to or tacit authorization of the offensive acts" after receiving notice of a pattern of unconstitutional acts. *Otey*, 121 F.3d at 1155 (quoting *Jane Doe A v. Special Sch. Dist.*, 901 F.2d 642, 645 (8th Cir. 1990)).

Even after viewing the facts in the light most favorable to Feickert as the nonmoving party, this Court finds that summary judgment in favor of Ravnsborg is appropriate on Feickert's claims. There is no evidence that Ravnsborg directly participated in the alleged constitutional or statutory violations. Further, there is no evidence that Ravnsborg was in a position to train or supervise the deputy state's attorneys who allegedly committed those violations. Thus, Ravnsborg's motion for summary judgment, Doc. 28, is granted.

Accordingly, it is

ORDERED:

1. That Ravnsborg's motion for summary judgment, Doc. 28, is granted.

DATED March 28, 2022.

ATTEST:
MATTHEW W. THELEN, CLERK

_____

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge